UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE HARRISON,

        Plaintiff,

                                                                              Case No. 08-CV-12089
vs.                                                          HON. GEORGE CARAM STEEH

SHERRY BURT, et al.,

        Defendants.

_____/

ORDER ACCEPTING AUGUST 25, 2008 REPORT AND RECOMMENDATION (#12)
AND DISMISSING PLAINTIFF'S CLAIMS UNDER § 1915A and (e)(2)(B) FOR
FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

Plaintiff Jimmie Harrison, a Michigan prisoner proceeding pro se and in forma pauperis (IFP), filed a 31-page complaint on May 13, 2008 against Southern Michigan Correctional Facility (SMCF) Warden Sherry Burt, SMCF employees Hall, Becker, Hunt, Vallie, Snow, and McMillan, the SMCF Records Office, the SMCF Office of Prisoners Security Classification and its Committee Members, and three John Doe defendants. Harrison alleges Eighth and Fourteenth Amendment violations arising from a June 24, 2004 incident in which he was assaulted in his cell by another prisoner, and a First Amendment violation of failing to timely respond to his grievances. All pre-trial matters were referred to Magistrate Judge Mona Majzoub on July 14, 2008.

Magistrate Judge Majzoub issued a Report and Recommendation on August 25, 2008, recommending that Harrison's claims be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

Magistrate Judge Majzoub finds that Harrison has failed to allege facts sufficient that support a requisite finding under the Eighth Amendment that any of the defendants were deliberately indifferent to a specific, known risk to Harrison's safety, noting that Harrison himself is allegedly unable to identify his masked attacker. Magistrate Judge Majzoub continues that Harrison's Eighth and Fourteenth Amendment claims premised on the defendants' alleged failure to promptly transfer him to a different prison facility with a higher security level fails to allege an actionable claim because state prisoners have no such constitutional right. As to Harrison's First Amendment claim, Magistrate Judge Majzoub finds that Harrison has not alleged how any delay in processing his grievances hindered his access to the courts. Harrison filed timely objections to the Report and Recommendation on September 4, 2008.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." A party may forfeit his right to de novo review if his objections "are general or conclusionary and do not relate to a specific error." Thomas v. Halter, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001). See also 28 U.S.C. § 636(b)(1).

Courts are obligated to initially review a civil complaint filed by a prisoner seeking redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Following such review, the court shall dismiss an IFP prisoner's complaint, or any portion of the complaint, which fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii). The Supreme Court has disavowed the oft-quoted

standard of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) – "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" – for determining whether a complaint fails to state a claim on which relief may be granted. Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S. Ct. 1955, 1964-65 (2007)). Rather, to state an actionable claim, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 127 S. Ct. at 1964-65). To state a claim on which relief may be granted, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. (quoting Twombly, 127 S. Ct. at 1964-65).

Harrison's objection and reliance on the Conley standard is without merit. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Harrison's objections also contain repetitive conclusionary assertions that the defendants were "deliberately indifferent" to his safety because they failed to place him in a cell block with a higher security level, and they knew a new policy of leaving his cell door open from every meal time to formal or emergency count-time posed a substantial risk of harm given SMCF's history of violent assaults and moniker of being "BEHIND THE WALL." Harrison alleges in his complaint that he asked defendant SMCF Counselor Hall on numerous occasions "to be transferred to Level 1 Custody Facility, consistent with Policy Directive# 05.01.130, 05.01.140 and 05.01.101."

Complaint, ¶ 2, at 1.[1] Harrison's allegation that SMCF personnel failed to transfer him to a higher custody facility, with knowledge of SMCF policies to the contrary, fails to state a constitutional claim on which relief may be granted because the allegations are not enough to raise beyond speculation that Hall or any of the other SMCF defendants were deliberately indifferent to a specific, known risk to Harrison's safety. Gant v. Campbell, 4 Fed. App'x. 254, 256 (6th Cir. Feb. 6, 2001) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994) and Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir. 1993)). Although Harrison allegedly expressed a general concern that Hall was not following SMCF policy directives, Harrison does not allege that he received any specific threats or that he feared a particular inmate, much less that he communicated specific threats or fears to SMCF personnel. See Gant, 4 Fed. App'x. at 256. Harrison concedes, as he must, that he had no constitutional right to a particular security classification level. Wilson v. Brown, No. 90-1957, 1991 WL 23536, *1 (6th Cir. Feb. 25, 1991) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Harrison has failed to offer a meaningful objection to the dismissal of his First Amendment claim of denial of access to the courts resulting from the alleged untimely processing of grievances. Thomas, 131 F.Supp.2d at 944. "[A] prisoner has no constitutional right to any effective grievance procedures, or access to any such procedure voluntarily established by the state." Irving v. Masker, No. 2:07-cv-190, 2008 WL 2224262, at *2 (W.D. Mich. May 28, 2008) (and cases cited therein). Harrison does not allege in his complaint, nor identify

---

[1] Harrison continues by alleging: "On or about two days before the Plaintiff Paroled June 26, 2004. The Plaintiff was assaulted while sleeping in the bunk. Plaintiff ran to Health Services and got treatment for his injuries. Plaintiff received 18 staples in his 'Upper Right Back' and received 6 to 8 Staples in his 'Right Forearm.' Plaintiff was then placed in Segregation and released on Parole two days later from Segregation." Complaint, ¶ 3, at 1.

in his objections, a court to which he was denied access.

Having reviewed Harrison's objections <u>de</u> <u>novo</u>, the court hereby ACCEPTS the August 25, 2008 Report and Recommendation in its entirety. Plaintiff Harrison's claims are hereby DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

SO ORDERED.

Dated: November 25, 2008

<div style="margin-left: 3em;">
s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE
</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 25, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---